IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

I, Dominique Paige, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent (SA) of the DEA and as such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered to conduct criminal investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516.

2. As a Special Agent with the DEA, I have conducted and assisted in investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, importation of controlled substances, and the associated conspiracies in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 952, and 963. I have received detailed instructions and conducted various complex investigations concerning the unlawful importation and distribution of controlled substances, the laundering and concealment of drug proceeds, the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities and conspiracies to engage in these activities. I have experience conducting surveillance operations, analyzing telephone records, interviewing witnesses, executing search and arrest warrants, participating in electronic physical surveillance and other investigative techniques. The investigations in which I have participated have resulted in the arrest, prosecution and conviction of individuals who have smuggled, received and distributed controlled substances, including marijuana and cocaine as well as the seizure of those illegal drugs and proceeds of the sale of those illegal drugs.

1

3. Because of my personal participation in this investigation, and because of information provided to me by other agents and officers, and my personal observations, I am familiar with the facts and circumstances of this investigation. My experience in investigating drug offenders, my education, my conversations with senior drug agents and chemists, and my specialized training formed a basis of the opinions and conclusions set forth below which I drew from the facts set forth herein.

4. The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation; on information conveyed to me by other law enforcement officials; and on my review of records, documents, and other physical evidence obtained during this investigation. This affidavit is not intended to include every fact observed by me or known by the government.

5. Based on my training and experience, my knowledge of this case and my discussions with other law enforcement officers, I am familiar with narcotic traffickers' and money launderers' methods, schemes, and operations, and know:

**FACTS IN SUPPORT OF PROBABLE CAUSE**

6. On July 2, 2025, at approximately 6:03 a.m., a U.S. Customs and Border Protection (CBP), Caribbean Air and Marine Branch (CAMB) Multi-Role Enforcement Aircraft (MEA) (Troy 313) while patrolling in the area of the Mona Passage, Puerto Rico (PR), spotted a surface target of interest (STOI), approximately eighteen (18) nautical miles west of Desecheo Island, PR. The STOI was described as blue with a red trim and fiberglass style vessel, approximately 20 foot-in-length, powered with one outboard motor bearing DR registration BPF732340SBS (hereinafter referred to as the TARGET VESSEL), and occupied by two (2) individuals. The

2

individuals were later identified as Rafael ROMERO-Romero and Angel Rafael ROMERO-Santana.

7. The MEA maintained constant surveillance of the TARGET VESSEL while relaying updated positions to two (2) CBP-AMO patrol vessels patrolling nearby. The TARGET VESSEL went dead-in-the-water and was considered a hovering vessel. At approximately 6:39 a.m., the CBP patrol vessels approached the TARGET VESSEL while energizing lights and sirens and announcing law enforcement presence. The TARGET VESSEL attempted to evade law enforcement but stopped moments later. The TARGET VESSEL was stopped approximately where the TARGET VESSEL was initially detected. As they boarded the TARGET VESSEL, CBP Marine Interdiction Agents (MIAs) observed burlap sacks covered partially  by a tarp. As a result of the interdiction, CBP Marine Interdiction Agents (MIAs) recovered four (4) burlap sack bales from the TARGET VESSEL containing brick like-packages of a white powdery substance that field tested presumptively positive to the properties of cocaine and weighed approximately 79.4 kilograms.

**[Continued on next page]**

## CONCLUSION

1. Based upon my training, experience, and the abovementioned facts, I have probable cause to believe that: Rafael ROMERO-Romero and Angel Rafael ROMERO-Santana have committed the following violation of Federal Laws:

Conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dominique Paige
Special Agent
Drug Enforcement Administration

Sworn in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone at 5:29 PM on July 2, 2025.

HONORABLE MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4